Duncan J.,
delivered the Court’s opinion.
The plaintiffs in error, being the owners of certain lands In the counties of Erie, Crawford, Warren, and Venango, on the 17.h October, 1815, constituted one Seth Toung, their attorney, in their names to contract for sale, sell, and convey, any parts or parcels of the lands, ratifying and confirm- ' ingall that their said attorney might lawfully do in the premises. On the 29th December, in the same year, Toung, contracted to sell to the defendants, two parcels of the lands. The vendees covenanted to pay the purchase money in four annual instalments, with interest, and make settlements, and certain specified improvements on the land. The first instalment became due, on the 29th December, 1816; and in March and April, 1817, the vendees paid Toung, three hundred and seventy six dollars fifty cents. By this article the *149 vendors by their attorney, covenanted, on payment of the whole, or a satisfactory part of the money and interest, within the specified time, the improvements being completed, that they, or their representative, -would execute a conveyanee, a eood and sufficient warrantee deed in fee, provided, such party should, on giving the said deed, give bond and mortgage on the said premises for the consideration money, or so much thereof as should be due.
This action was brought for the whole consideration monev, and the question submitted to the Court below, was on the validity of the payments. The Court adjudged they were valid, and on this opinion we are now called on to decide.
Every general grant, implies the grant of all things necessary to the enjoyment of the thing granted, without which, it it could not be enjoyed. Every general power necessarily implies the grant of every matter necessary to its complete execution. An attorney who has power to convey, has so essentially the power to receive the purchase money, that a voluntary conveyance, without receiving the stipulated price or security for it, would be fraudulent, and either the whole contract might be rescinded by the principal, or the vendee liable for the purchase money. The principal authority includes all mediate powers which are necessary to carry it into effect. The payment of the purchase money was an intermediate act between the articles and the conveyance. The receipt of the purchase money, is within the general scope of an authority to sell and convey, as a mediate power, as an act without which, the conveyance would be fraudulent. No words could confer a more ample authority, than is conferred by this instrument. He has power to contract for sale, and having so contracted, to convey. All the acts he performs, necessary in the premises, are ratified and confirmed.
I cannot yield to the argument, that having contracted for sale, his power ended, because the language of the power is very explicit, that he has not only power to enter into ex-ecutory contracts, but, that having entered into them, he has power to execute them by conveyances, and we must not stop at the words, contract for sale, and say, that is a distinct power, but must go on with the whole sentence, sell and convey. Articles are the first step usual in the sale of lands: *150 the conveyance, the last act which the attorney is authorised to perform. If he had conveyed on the receipt of the whole purchase money, it is admitted that this would have bound t¡le principal jf he had power to receive the whole, he had Power to receive any part, and it surely lies not in the mouth of the principal to say, that because he has not conveyed, he has no right to receive the money; for the same objections would arise, had he received the whole money, and refused to convey. The validity of the payment, does not rest on the actual conveyance, but the power to convey; the payment is to precede the conveyance. There is nothing in the nature of the thing, to justify such a construction, nor in the words of the instrument, and it is a proposition which never can be maintained, that he had only power to receive the money when he had conveyed, and that it is the conveyance which renders the payment valid ; whereas, the conveyance could only be good, if the money were paid, if he had power to receive the money, and convey. If he has received the money and not conveyed, the payment must, in all reason and justice, be binding on the principal.
That the attorney here, did not exceed his authority in tnaking the contract, is admitted by this action calling for its execution. If he did not exceed his authority in making the contract, he had power to carry it into execution by conveyance. In order to enable him to do this, payment of the money, or security, was so necessary an incident, that without it, the act would be fraudulent. He had power to convey ; to convey without payment, would have been a fraud on the principal; to receive the purchase money, could not be a fraud.
It is not pretended, that the power was revoked; much less, that notice of the revocation before payment, was given. It is not made any part of the case, that there was any fraud on the part of the defendants.
The power of attorney, is unrestrained as to time, credit, or condition. All the authority that the principals could confer, they did. They substituted Toung\ with all their powers, to part with their title ; to convey the estate in fee ; to bind them, with covenants of general warranty. He could sell on credit, having the power to sell on credit; he could receive the money from the vendee, unless there was something in the instrument restrictive of this. It would be ra *151 ther an unusual mode of conducting business, to empower an attorney to sell and convey, and restrain him from receiving the purchase money. Here, he is not so restricted, and the implication would be a constrained one; it would be dangerous for the Court to look for a hidden meaning, where ° ... . , the terms are neither obscure, nor equivocal, or to imply a restriction of a power granted in general terms. The power is not required to be executed uno Jlatu; there are several acts to be done, at several times ; the last act, the conveyance, not to be immediately executed, not to be executed until all the conditions were complied with by the vendees. The several payments were to come round; and until paid, or a satisfactory part, and mortgage given for the balance, under the general power to contract for sale, and to convey, unrestrained as to the extent of authority, unlimited in its duration, remaining in full force at the time of payment, the Court of Common Pleas decided rightly, in determining these payments to be valid; and the.judgment is affirmed.
Judgment affirmed.