BARTLETT *et al.* v. KAUDER, *Appellant.*

1. **Tax Deed:** COLOR OF TITLE. A void tax deed may constitute color of title under the general statute of limitations.

2. **Supreme Court:** EVIDENCE. The sufficiency of the evidence to support the finding of a circuit court on a question of adverse possession cannot be questioned on appeal.

3. **Tax Suit:** JUDGMENT: RECORD OWNER. A judgment in a back-tax suit against one whom the register of deeds shows to be the owner, can only be effective against such registered owner, and those claiming under him. It has no effect on one who claims under possession adverse to the record title.

4. **Limitations:** STATUTE. The three-years statute of limitations, section 221, Wagner's Statutes, page 1207, has no application to a tax deed in proceedings under the revenue act of 1877. (Laws, p. 385).

5. **Laches:** ESTOPPEL. Where plaintiff brings her action of ejectment within the time prescribed by the statute, she cannot be accused of laches or be estopped from asserting her title because during that time she lived in the neighborhood, and knew, or might have known, of defendant's occupancy of the land, and his improvements thereon.

*Appeal from    Clark Circuit Court.*—Hon. B. E. TURNER, Judge.

AFFIRMED.

*Matlock, Hiller & Howard* and *W. H. Robinson* for appellant.

(1) The deed from Margaret Gorman, by register of lands, to John Langford is void upon its face and conveyed no title, for the reason that it recites that the register of lands advertised the real estate described in the deed for sale according to law. *Spurgeon v. Allen*, 49 Mo. 178; *Large v. Fisher*, 49 Mo. 307. (2) The tax deed under which defendant claims title having been recorded for more than three years before the bringing of this suit, and the defendant and his predecessors having gone into possession of the lands in controversy more than three years before the bringing of this suit, the special statute of limitations is a complete defense. W. S., p. 1207, sec. 221; *Hill v. Atterbury*, 88 Mo. 114; *Pearce v. Tittsworth*, 87 Mo. 635; *Hopkins v. Scott*, 86 Mo. 140; *Skinner v. Williams*, 85 Mo. 489; *Mason v. Crowder*, 85 Mo. 526. (3) The sheriff's deed to H. M. Hiller conveyed the title to the land in controversy, and the subsequent deeds of Bennett and Houren vested the legal title in defendant. *State ex rel. v. Sack*, 79 Mo. 661; *Vance v. Corrigan*, 78 Mo. 94; *Payne v. Lott*, 90 Mo. 676. (4) The plaintiffs by their laches are estopped from asserting title. *Kelley v. Hurt*, 74 Mo. 561; *Landrum v. Bank*, 63 Mo. 48; *Bliss v. Pritchard*, 67 Mo. 181; *Guffey v. O'Reiley*, 88 Mo. 418. (5) The objections made by plaintiffs to the introduction of defendant's title deeds and other evidence cannot be sustained, because the reasons therefor were not given and do not appear in the bill of exceptions. *Railroad v. Moon*, 37 Mo. 338; *Hofheimer v. Lasen*, 24 Mo. App. 652. (6) A tax deed void on its face constitutes no color of title. *Mason v. Crowder*, 85 Mo. 526. (7) The evidence is insufficient under claim of color of title and adverse possession. *Norfleet v. Hutchins*, 68 Mo. 597.

*Berkheimer & Whiteside* for respondents.

This being a law case submitted to the court as a jury, the supreme court will assume the facts to be as found by the court below, and will only confine its examination to the propriety of declarations of law based on the facts assumed. *Hamilton v. Boggess*, 63 Mo. 55; *Waddell v. Williams*, 50 Mo. 216; *Tucker v. Railroad*, 54 Mo. 177; *Griffin v. Vail*, 56 Mo. 310; *Eidemiller v. Kump*, 61 Mo. 340; *Gaines v. Fender*, 82 Mo. 407. (2) The tax deed from the register, though void, was sufficient as color of title. *Jackson v. Magruder*, 55 Mo. 371; *Railroad v. Clark*, 68 Mo. 371; *Sutton v. Casseleggi*, 77 Mo. 397; *Hughes v. Israel*, 73 Mo. 538; *Crispin v. Hannovan*, 50 Mo. 536. It is not necessary that color of title should be created by deed. *Rannels v. Rannels*, 52 Mo. 108; *Cooper v. Ord*, 60 Mo. 420. (3) The tax deed under which defendant claims was executed upon a judgment of the circuit court on a tax suit commenced under the revenue law of 1876 and 1877. Acts of 1876, p. 377. And as it was not governed by the law in force as provided in Wagner Statutes cited by the appellant, and cases cited in support thereof, his second and third positions must fail. (4) The fourth proposition of the defendant, that the plaintiffs are estopped, is untenable.

BRACE, J.—This is an action of ejectment to recover the possession of the northwest quarter of the southeast quarter of range 7, in Clark county. The case was tried by the court without a jury. The court found for the plaintiff and from its judgment in her favor the defendant appeals.

I. Both parties claimed through Margaret Gorman as a common source of title. The plaintiff offered in evidence a deed from the register of lands, dated November 18, 1859, to John Langford for the southeast

quarter of section 1 aforesaid, sold for delinquent taxes of 1856, assessed to Margaret Gorman. The defendant objected to the introduction of the deed as evidence of legal title. The court sustained the objection, but permitted the deed to be read as evidence of color of title. The defendant excepted and in support of his exception cites *Mason v. Crowder*, 85 Mo. 526, from which, however, the position of counsel derives no support. On the contrary, the decision in that case expressly recognizes the doctrine that a void tax deed may constitute color of title under the general statute of limitations. The extent to which that case goes in this respect is, that a tax deed void on its face will not set the three-years special statute of limitations ( W. S. sec. 221, p. 1207 ) in operation.

II. The plaintiff then introduced in evidence a deed from John Langford to John A. Hubert for west half of said southeast quarter of section 1, dated December 8, 1863, and a deed from Hubert to Martin L. Cheek for said west half. The plaintiff is the sister of Cheek, who died in 1880, and his only heir-at-law, and has acquired the dower interest of her brother's widow by deed. The plaintiff then introduced evidence tending to prove that Hubert went into possession of the land in controversy in 1863 or 1864, and that he and his grantee Cheek were in the actual, open, exclusive, continuous and adverse possession of said west half, including the land in controversy, claiming title thereto under said deeds, from that time until the death of Cheek in 1880, and the court found the fact so to be. The sufficiency of the evidence to support this finding cannot be questioned on appeal. *Hamilton v. Boggess*, 63 Mo. 255 ; *Schad v. Sharp*, 95 Mo. 574. The deeds from the register to Langford, and from Langford to Hubert affording color for such claim of title, there was no error in the instruction given by the court for the plaintiff on the question of title by limitation. *Hamilton v. Boggess, supra; H. & St. Joe R. R. Co. v.*

*Clark*, 68 Mo. 371; *Jackson v. Magruder*, 51 Mo. 55; *Sutton v. Casseleggi*, 77 Mo. 397; *Rannels v. Rannels*, 52 Mo. 108; *Cooper v. Ord*, 60 Mo. 420; *Nelson v. Brodhack*, 44 Mo. 596.

III.   The defendant introduced in evidence a deed from Margaret Gorman to George Welden and *mesne* conveyances from Welden to Mary E. Camplin, whose deed was recorded November 28, 1877, and a deed from the collector of Clark county to H. M. Miller for the land in controversy, made in pursuance of a sale thereof on the tenth of October, 1878, under a judgment of the circuit court in a back-tax suit instituted March 29, 1878, against the said Mary E. Camplin for delinquent taxes, and *mesne* conveyances from Miller to one Houren, whose deed therefor was dated August 18, 1881, and who, by his deed dated September 12, 1881, conveyed the premises to the defendant.   Houren, about the date of his deed, went into possession of the land, and the defendant, in the spring of 1882, after he bought from Houren, went into possession.   This suit was instituted September 19, 1884.   At the time the suit was instituted against Mary E. Camplin, Cheek's adverse possession under claim and color of title had ripened into an absolute title by lapse of time under the general statute of limitations, adverse to the Camplin title.   He was the true owner of the land.   He was not a party to the tax suit, nor in any manner in privity with the defendant in that suit, but claiming title and holding against the title of the defendant in that suit.   The sheriff's sale and deed made under the judgment in that suit vested no title in the purchaser as against him or those claiming under him.   A judgment in a back-tax suit against one whom the register of deeds shows to be the owner can only be effective against such registered owner and those claiming under him.   *Troyer v. Wood*, 96 Mo. 478; *Allen v. Ray*, 96 Mo. 542; *Watt v. Donnel*, 80 Mo. 195.

IV. The tax sales and deed under which defendant claims were made under a judgment in the circuit court in an action commenced and prosecuted under the provisions of the revenue act of 1877, for the collection of delinquent taxes. Acts 1877, p. 385. The three-years statute of limitations ( W. S. p. 1207, sec. 221 ) has no application to a tax deed in proceedings under that act.

V. There is nothing in the evidence to support defendant's plea of laches and equitable estoppel. The plaintiff brought her suit within the time prescribed by the statute of limitations. She neither by word or act induced the defendant to purchase the land for the small sum he paid for it, or to make the modest improvements he put upon it. He evidently bought relying upon the tax title of his grantor, and not upon anything the plaintiff ever said or did, or didn't say or do in regard to the land. In fact, she didn't say or do anything except "live in the neighborhood." Within four or five years after she inherited the land from her brother, and within two or three years after his estate could have been administered and the fact ascertained that she had any valuable interest in it, notwithstanding in the meantime she married, she succeeded in acquiring the dower interest of her sister-in-law and commenced this suit. Surely she ought not to be accused of laches, or be estopped from asserting her title simply because during that time she lived in the neighborhood and knew or might have known that the defendant and his grantor had gone upon the land and was setting up some sort of claim to it, and had valuably improved the same by putting a cabin on it worth fifty, and a stable worth ten dollars, according to his own estimate.

The judgment is for the right party and is affirmed. All concur.