## MORRISON, Appellant, v. BOMER et al.

### Division One, March 30, 1906.

**LIMITATION: Question of Fact.** Where the only question raised ⸰ by the appeal is one of fact, namely, whether or not plaintiffs had been in continuous adverse possession of the land for ten consecutive years after the land had been sold for taxes under proceedings admitted to be legal and regular, before defendant went into possession, and the finding of the trial court, sitting as a jury, that they were not, may reasonably have been reached upon the evidence produced, the judgment will be affirmed.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*Robert L. Wilson* for appellant.

To entitle plaintiff to recover in an action of eject-ment on the ground of having acquired the title to the demanded property by adverse possession, it is not necessary to allege adverse possession for the statutory period. Under an averment of ownership in fee and of right to the possession at the commencement of the action, plaintiff may prove any facts which would en-title him to recover at that time. The same rule ap-plies to pleading of defendant, where adverse posses-sion is relied upon as a defense to an action at law to recover the possession of land; it need not be specifically pleaded, but may be shown under a general denial. Bird v. Sellers, 113 Mo. 580; Stocker v. Green, 94 Mo. 280; Fairbanks v. Long, 91 Mo. 628; Gillespie v. Jones, 47 Cal. 259; Sullivan v. Dempsey, 4 Mont. 499; McQuerny v. Irwin, 90 Ala. 275; Donahue v. Thompson, 60 Wis. 500; Missouri River Co. v. Wickham, 44 S. W. 1023; 1 Cycl. Law and Proc., 1140. The deed from Robert Morrison to E. J. Malone clearly shows that he was

asserting title to the land, and taking title from Malone is such an act as would tack the possession. The improvements made by Morrison were such as to make his possession notorious, open and adverse for more than ten years. During all that period defendants never asserted claim to the land. If plaintiff's possession of the land had been adverse to defendants, open, notorious and under claim of right thereto for ten years prior to the time that defendant Bomer entered into the premises in 1901, it vested title in the plaintiff whether defendant knew of the fact or not. Wilkerson v. Eilers, 114 Mo. 254; Scruggs v. Scruggs, 43 Mo. 142; Hunnewell v. Burchett, 152 Mo. 614; Hunnewell v. Adams, 153 Mo. 444. The Supreme Court will reverse a verdict when the finding of the triers, whether a jury or a judge sitting as a jury, clearly indicates that the trier of the fact either did not weigh the evidence at all or was clearly mistaken as to the applicatory law. Whitsett v. Ransom, 79 Mo. 258; Ogelsby v. Railroad, 150 Mo. 224; May v. Crawford, 150 Mo. 52; Watson v. Fehlig, 59 Mo. App. 275; Chitty v. Railroad, 148 Mo. 78. It has been held that the Supreme Court would look into the evidence and would reverse the judgment below where apparent injustice has been done. McCartney v. Finnell, 106 Mo. 445; Cornet v. Bertelsmann, 61 Mo. 118. So careful has this court been that no wrong shall be done a litigant, that it will look into the weight of evidence, and if the weight of evidence is of a cogent character, and the finding of the trial court is adverse to that evidence, the appellate court will reverse the judgment. Garrett v. Greenwell, 92 Mo. 125; Spohn v. Railroad, 87 Mo. 74.

*Mozley & Wammack* for respondents.

The trial court heard the witnesses, noted their lack of knowledge of material facts, observed their demeanor on the stand, and correctly decided that plain-

tiff had not màde out a case of adverse possession, and this is the only error complained of by appellant. To entitle plaintiff to recover on the ground of adverse possession, he must show ten years' actual, open, notorious, hostile, continuous possession in himself, or those under whom he claims, under claim and color of title. Hunnewell v. Adams, 153 Mo. 440; Hunnewell v. Burchett, 152 Mo. 611. And the proof of the possession required by the statute should be clearly made. Shumate v. Snyder, 140 Mo. 88; Gaines v. Fender, 82 Mo. 509. In an action at law this court will not disturb the finding of the trial court as to the facts if there is any substantial evidence on which to base that finding. Smith v. Royse, 165 Mo. 658; Hahn v. Cotton, 136 Mo. 225. The sufficiency of the evidence to support the finding of the circuit court on the question of adverse possession cannot be questioned on appeal. Bartlett v. Kauder, 97 Mo. 356.

BRACE, P. J.—This is an action in ejectment to recover possession of a tract of land in Stoddard county, described in the petition.

The petition is in common form. The answer is a general denial.

The trial was before the court without a jury, finding and judgment for the defendants, and plaintiff appeals.

By patent, dated May 2, 1860, and duly recorded July 30, 1867, one Andrew J. Bruff acquired the legal title to the premises. On the 20th of December, 1873, by mesne conveyances from him, all duly recorded, John W. Myers, and Cassander Myers, his wife, acquired Bruff's title. By sheriff's deed, dated the 13th day of September, 1887, duly executed, acknowledged and recorded, made in pursuance of a sale on execution under a judgment of the circuit court against the said John W. and Cassander Myers for back taxes for the years 1879, 1880, 1882, 1884 and 1885, one Ligon Jones

acquired the record title of the said John W. and Cassander Myers to the premises, and by mesne conveyances from him, all duly executed, acknowledged and recorded, the defendant Thomas J. Beardsly acquired the record title of the said John W. and Cassander Myers, under which the defendants claim, and under which they went into possession of the premises in October, 1901.

This suit was instituted on the 30th of January, 1902. The plaintiff introduced a chain of mesne conveyances from Myers and wife to him, made after the date of the sheriff's deed aforesaid. But as no attack is made on that deed, and the plaintiff's sole reliance is upon title by adverse possession, and as they are important only as showing color of title, and as it is undisputed that ever since the defendants and their grantors acquired title by the sheriff's deed until the institution of this suit, the plaintiff and his grantors claimed title to the premises under such conveyances, they need not be set out.

The only question raised on this appeal is: were the plaintiff and his grantors in continuous adverse possession of the premises for ten consecutive years since the defendants and their grantors acquired title by the sheriff's deed, and prior to October, 1901, when the defendants went into possession? It devolved upon the plaintiff to show such adverse possession by a preponderance of the evidence. The only evidence on the subject was introduced by the plaintiff — the defendants introduced none. The plaintiff contends that his evidence was sufficient to prove the fact—the defendants contend that it was insufficient. The question was one of fact, to be determined by the trier of the facts. In this instance the court was that trier, and he determined that the plaintiff's evidence was insufficient to prove such continuous adverse possession. This determination is conclusive upon us, if it might reasonably have been reached upon the evidence presented.

And after a careful consideration of that evidence, we cannot say that it might not.

The judgment of the circuit court is therefore affirmed.

All concur.