FANNIE ABRAMS ET AL. v. UNKNOWN HEIRS OF JAMES P. RICE and
    J. C. HILDRETH, Public Administrator of Estate of JAMES P.
    RICE. — 295 S. W. 83.

Division One, May 24, 1927.

**1. QUIETING TITLE: Finding of Facts: Simultaneous Deaths: Appeal.**
In an action at law to ascertain and determine the title to real estate, the
finding of facts made by the court, sitting as a jury, cannot be disturbed
on appeal if based on substantial evidence and correct conclusions of law.
Where the bodies of a husband and wife were found in their bathroom,
in which was a defective gas heater, and which was filled with monoxide,
and both bodies were badly decomposed, showing that they had been dead
for several days, and from the position of their bodies and their distance
from the heater, there is substantial evidence indicating that the husband
died first, and equally substantial evidence indicating that the wife died
first, and also substantial evidence from which it might be inferred that
they died simultaneously, this court will not interfere with a finding by the
trial court that they died simultaneously.

**2. SURVIVORSHIP: Common Disaster: Presumption.** When several lives
are lost in the same disaster there is no presumption of survivorship by
reason of age or sex, but the party asserting survivorship must prove it.

**3. HEIRS AT LAW: Of Wife Dying without Issue.** The heirs at law of
a wife dying without issue are entitled to half of the property of her hus-
band who predeceased her leaving no surviving issue. Under Section 320,
Revised Statutes 1919, and even under the Act of 1921 (Laws 1921, p. 119)
in order for the heirs at law of her husband or the administrator of his
estate to be entitled to any share of her real estate, her husband must have
been her widower, and the burden of establishing the fact that he was her
widower is upon them.

**4. WIDOWER: Simultaneous Death of Wife and Husband: Quieting Title.**
A widower is a man who has lost his wife by death and has not married
again. If a husband and wife die simultaneously, the husband is not the
widower of the wife. and if it is impossible to determine which survived
it is likewise impossible to determine that he was her widower. In either
case, a claim to real estate based on his survival must fail, and until his
heirs at law and the administrator of his estate have established the fact
that he is her widower they have no claim to property which under the
statute would otherwise go to her heirs at law.

Corpus Juris-Cyc. References: **Appeal and Error**, 4 C. J., Section 2853,
p. 878, n. 82.  **Death**, 17 C. J., Section 32, p. 1179, n. 82, 83; Section 33, p.
1181, n. 98.  **Widower**, 40 Cyc., p. 936, n. 6.

Appeal from Jasper Circuit Court.—*Hon. S. W. Bates*, Judge.

AFFIRMED.

*Norman & Norman* and *George V. Farris* for appellants.

(1)  The title to the property described in plaintiffs' petition being vested in Anna Rice, wife of James P. Rice; on the death of Anna Rice, one-half of said real estate descended to James P. Rice and there being debts proven against said real estate defendant Hildreth, as administrator, was entitled to have said real estate sold to pay said debts of James P. Rice, deceased.  (2)  In an action between heirs of husband and wife who perished in the same fire, to recover the husband's estate, the husband's heirs having alleged that he survived his wife had the burden of so proving.  So the burden was on plaintiffs in the case at bar.  Nolf v. Patton, 103 S. E. 528; McComas v. Wiley, 108 Atl. 196.  (3)  Where there is any evidence whatever, even though it be but a shadow, it must govern in the decision of the fact.  Pett v. Ball, 15 S. C. Eq. 99; Broome v. Duncan, 29 So. 394; Ehle's Est., 73 Wis. 445, 41 N. W. 627; St. John v. Andrews Institute for Girls, 102 N. Y. Supp. 808; Supreme Council v. Kacer, 96 Mo. App. 93.  (4)  Under the law and the evidence the finding and judgment of the court should have been for the defendants as to one-half the property involved in this suit.  R. S. 1919, sec. 320; 17 C. J. 1180.

*R. A. Pearson* and *W. L. Butts* for respondents.

(1)  Where husband and wife perish in a common disaster, the wife's estate vests in her heirs, and the husband's next of kin claiming by virtue of his survivorship must prove such survival.  Waddle v. Frazier, 245 Mo. 401; U. S. Causalty Co. v. Kacer, 169 Mo. 310; Supreme Council v. Kacer, 96 Mo. App. 105.  (2)  Where persons perish in a common disaster and it is not shown by competent proofs which survived the other, the law determines the question as though the deaths were simultaneous.  Aley v. Railroad, 211 Mo. 480; Re Gerdes Estate, 100 N. Y. Supp. 440; Supreme Council v. Kacer, 96 Mo. App. 93; Re Sweeney Estate, 78 Pa. Sup. Ct. 417; Re Englebert's Will, 171 N. Y. Supp. 489; 17 C. J. 1179, sec. 32.  (3)  Where the wife dies childless, the widower must make his formal election to take half of her estate: otherwise, he only takes the same dower interest a widow has.  Laws 1921, p. 119; Castleman v. Castleman, 184 Mo. 444; Bryant v. Administrator, 58 Mo. 104; Klocke v. Klocke, 276 Mo. 572, 208 S. W. 825; Keeney v. McVoy, 206 Mo. 69; Brawford v. Wolfe, 103 Mo. 398.  (4)  Inchoate rights in expectancy do not become vested until the death of the spouse through whom they are derived, and such rights may be modified or abolished by the Legislature.  12 C. J. 963, sec. 507; 18 C. J. 809, sec. 6, and 816, sec. 132; O'Brien v. Ash, 169 Mo. 298; Henderson v. Calhoun, 183 S.

W. 584; Ferguson v. Gentry, 206 Mo. 189; Bartlett v. Tinsley, 175 Mo. 332.

GRAVES, J.—Action to quiet title to certain described lands in Jasper County brought by Fannie Abrams, Harry L. Abrams, Henry J. Abrams, Jacob Abrams, Edward Abrams, and Bessie Lesser, the heirs of Anna Rice, who died intestate in Joplin about the 20th day of November, 1923. The defendants are the unknown heirs of James P. Rice, the husband of Anna Rice, and J. C. Hildreth, Public Administrator of the Estate of James P. Rice, deceased. Service was by publication on the unknown heirs.

The administrator answered that Anna Rice died without leaving issue surviving her husband. That upon her death her husband became entitled to an undivided one-half of her estate; that the defendant J. C. Hildreth is the administrator of such estate and that there are unpaid claims in excess of the personal property of the estate. He prays for an undivided one-half of the estate.

The reply admits the death of Anna Rice intestate; that plaintiffs are her sole heirs; that defendant, J. C. Hildreth, is the Public Administrator of Jasper County, and as such in charge of the estate of James P. Rice, also deceased. That James P. Rice in his life time was the husband of Anna Rice. The other allegations in the answer are denied.

The petition, answer and reply make the statutory suit to quiet title. This suit is a suit at law under Section 1970, Revised Statutes 1919.

The case was tried by the court without a jury and a finding of facts was made by the court. This finding of facts cannot be disturbed by us, if based upon substantial evidence, and the conclusion is correct. [Hamilton v. Boggess, 63 Mo. 252; Black v. Howerton, 237 S. W. 472; Laughlin v. Laughlin, 237 S. W. 1027; Koehler v. Rowland, 275 Mo. 582; Bobb v. St. Louis, 276 Mo. 67; Morrison v. Bomer, 195 Mo. 538.]

The facts as found by the learned trial court were: "The plaintiffs are the alternative beneficiaries of Anna Rice, deceased, and the defendants are the alternative beneficiaries of James P. Rice, deceased, and J. C. Hildreth, Public Administrator, as the administrator of the estate of the said James P. Rice; that on or about the 20th day of November, 1925, James P. Rice and Anna Rice, his wife, were found dead in the bathroom of their home in the city of Joplin, Missouri. The bodies of both were badly decomposed, showing they had been dead for several days. The bathroom in which the bodies were found was located on the second floor of the residence; in the northeast corner thereof, being a small bathroom about seven feet east and west and five feet north and south. In the west end of

said bathroom there was a door leading into another room of said house, and at the west end of the south wall of said bathroom there was a door leading into the kitchen. When the bodies were found, the west door of the bathroom was closed, the south door leading into the kitchen was open. In the northwest corner of the bathroom was a small gas stove, and in the kitchen, along the wall separating the bathroom from the kitchen and just east of the door leading from the kitchen into the bathroom, was a gas heater. The gas was burning in both the bathroom stove and the heater. At the time the bodies were found, the bathroom, and the kitchen, and as a matter of fact, the whole house, was filled with gas fumes from the burning stoves; the presence of the fumes being especially heavy in the bathroom and kitchen. In the southeast corner of the bathroom was the toilet, and the body of Mrs. Rice was found seated on the toilet, unclothed, with the head resting against the wall. The body of James P. Rice, deceased, was found lying between the bathtub and the wall separating the kitchen from the bathroom; his feet at or near the feet of the deceased, Mrs. Rice, and his head very near the gas stove in the bathroom. The gas stove in the bathroom was a type not now being sold or used to any extent and was of such design that it would not cause complete combustion of the gas and had no pipe leading from it to any outside opening for the purpose of carrying off the fumes. The body of James P. Rice, deceased, was clothed, except that he had removed his coat. His glasses were on. There was an electric light burning in the kitchen, but no light burning in the room immediately west of the kitchen and bathroom. In the kitchen a newspaper was lying on a table.

"I find from the evidence that the death of both parties was caused by the fumes from the burning gas. I cannot find as a fact that Anna Rice survived her husband, or that he survived her. Those facts of the time of the deaths are not capable of being judicially ascertained. But I do find that they both died simultaneously and in the same common disaster, and determine the question as if both died at the same moment. On the foregoing facts, I find the issues for the plaintiffs, Fannie Abrams, et al., the heirs of Anna Rice, deceased."

The record shows that several days had elapsed between the death of these parties and the finding of their bodies. There is no evidence with respect to the death of the parties other than the physical condition existing on the Monday following their decease.

It might well be that the position of the wife indicated that she intended to take a bath and was the first attacked by the carbon monoxide and either her silence, some sound from her or something unusual, called her husband into the bathroom, where he saw her either dying or dead, and was himself violently attacked by the gas

which caused nausea and his death. This would indicate her prior decease. It similarly could be that Mrs. Rice, in preparation for her bath and before the room had become saturated with gas, assumed the position in which she was found in the extreme corner of the room diagonal from the gas stove. Carbon monoxide is slightly lighter than air and heated would be denser near the stoves. That being gradually overcome by the increasing density of the gas she became frightened or in some manner called to her husband, who coming in, realizing her condition, turned toward the gas burner to turn it off and into the greater density of the carbon monoxide which gave him nausea followed by almost immediate death. He thus expired before his wife. Likewise either might have been more susceptible to the gas and expired first, or they might have expired simultaneously. The evidence shows quite fully the surrounding facts. From them the court's ultimate finding as to the time of the death of the parties has substantial foundation in the evidence. In actions at law this precludes our interference. The evidence does not justify us in disturbing the finding of the trial court.

In Missouri we have followed the common law that when several lives are lost in the same disaster there is no presumption of survivorship by reason of age or sex.

Judge MARSHALL says in United States Casualty Company v. Kacer, 169 Mo. l. c. 310:

"In all jurisdictions that proceed according to the policy of the common law, there is no presumption as to survivorship in case of a common calamity. The rule is that he who claims a right by virtue of survivorship must prove the fact of the survival of him through whom he claims and that failing in this, the property or fund remains vested as it was before the calamity. [Lawson's Law of Presumptive Evid., p. 298, rule 54.]

"The rule is stated in 1 Taylor on Evidence (9 Ed.) p, 183, as follows: 'A mass of ingenious reasoning clusters about the question, what presumption of survivorship exists when several persons perish in a common accident? The common sense of English law, after some slight attempts to adopt them, discards the intricate presumption of the civil law, as based on age, health, sex, etc., and adopts the rule that there is no presumption on the subject whatever; that he who relies on the fact of survivorship must establish it as best he can.'

"Greenleaf on Evidence (16 Ed.), after speaking of the presumptions that obtain according to the Roman and civil laws, says, in note 5 to section 30, p. 126: 'The rule as now established by the English and American cases is, that where it is proved that two or more persons perished in the same calamity, there is no presumption of law that one survives the others, or that all perished at the same time; the burden of proving that one survived the others, or that

all perished simultaneously, is on the person who asserts such to be the fact.' "

"The inquisitive legal mind will find the subject discussed and the principal decisions collated in a note to the case of In re Maria H. Wilbor, 51 L. R. A. p. 863, which is so exhaustive that a reference to it is all that is necessary to dispose of this incidental proposition in this case, and which leads to the abbreviated statement of the law that there is no presumption, but it depends upon the fact, and the fact must be proved by him whose recovery depends upon the establishment of the fact of survivorship."

A full discussion of this rule of law is found in: Carpenter v. Severin, 204 N. W. 448, 43 A. L. R. 1341; Watkins v. Home Life Ins. Co., 208 S. W. 587, 5 A. L. R. 791; 17 C. J. 1179.

The plaintiffs as heirs at law of Anna Rice, who died without issue, in any event are entitled to half of her property. Under our statute (Sec. 320, R. S. 1919), or even under the Acts of 1921 (page 119), in order for defendants to be entitled to any of the real-estate of Anna Rice, James P. Rice must have been the "widower" of Anna Rice.

A widower is a man who has lost his wife by death, and has not married again: Webster's International Dictionary; Funk & Wagnall's Dictionary; Perry v. Strawbridge, 209 Mo. 621; Wait v. Wait, 4 Barb. (N. Y.) 192; 40 Cyc. 936.

The burden of establishing the fact that James P. Rice is the widower of Anna Rice is upon defendants before they have any interest in the property.

If James P. Rice and Anna Rice died simultaneously then obviously James P. Rice was not the widower of Anna Rice and defendants are not entitled to any of the property. Likewise if it is impossible to determine which survived, then it is impossible to determine whether James P. Rice was the widower of Anna Rice.

Without the establishment of this fact defendants have no claim to the property, as their only claim is based upon his survival.

We find no error in the record, and the judgment of the trial court is accordingly affirmed. All concur.