ELIZABETH KOEHLER and AUGUST KOEHLER, Her Husband, Appellants, v. LEONARD N. ROWLAND et al.

Division Two, July 30, 1918.

1. **QUIETING TITLE: Character of Action: Pleading.** The character of an action brought under Section 2535, Revised Statutes 1909, is determined by the issues which the pleadings raise. If they present issues of equitable cognizance the action becomes a suit in equity, but a straight action under the statute, in the terms of the statute, is an action at law.

2. ———: ———: **Converted by Answer: Affirmative Equitable Relief.** Where the petition in a suit brought under Section 2535 states an

action at law, an answer which sets up an equitable defense and asks affirmative relief converts the action at once into a suit in equity, so that the rules of equity apply; but the setting up of an equitable defense does not so convert the action unless affirmative equitable relief is prayed.

3. ———: ———: Forfeiture: No Prayer for Affirmative Relief. Where the petition follows Section 2535 substantially in the allegations of plaintiffs' rights and the defendants' claim, and prays the court to hear and determine all the rights, claims and interests whatsoever of the parties, to adjudge and decree that plaintiffs are the owners and to award them possession, and the answer, after stating reasons why a certain condition named in defendants' deeds should not work a forfeiture of their title, prays the court to adjudge that plaintiffs "have no right, title or interest in or to said property, and that the title to said property be quieted and confirmed in these defendants free from any claim of the plaintiffs, and for such other and further relief as to the court in equity and good conscience may seem meet and proper," it does not contain a prayer for affirmative equitable relief, and the action is not, therefore, converted into a suit in equity, but remains an action at law.

4. ———: Findings of Trial Court: Binding On Appeal. If the suit brought under Section 2535 is an action at law, the findings of the trial court, if supported by substantial evidence, are binding on the appellate court.

5. CONVEYANCES: Condition: Occupation by Negroes. Where the deed contained a condition that the property "shall not be sold, leased or rented to negroes," a breach is shown if a part of the building on the lot was leased to negroes, the intention of the restriction being to prevent negroes from coming on the premises as tenants; and the deeds must be interpreted in accordance with that manifest intention, as gathered from them as a whole.

6. ———: Restrictive Sale or Use: Forfeiture. Forfeiture is a harsh remedy and where a stipulation in a deed can be construed as a mere restrictive covenant and not a condition, so as to avoid a forfeiture, it will be so construed; and the question is to be determined from the language used, the situation of the parties, their relation to the subject of the transaction, and the object in view; but where the language is unmistakable, particularly where there is a provision for re-entry upon a breach of the condition, or where the right to re-enter is plainly implied, it is a forfeiture.

7. ———: Sale or Lease to Negroes: Forfeiture. The deed contained a condition that the "above described property shall not be sold, leased or rented to any negroes for twenty-five years from date hereof, and in event of such transfer, lease or rental before the expiration of said term, said property shall revert to grantor or

sellors without process of law or equity." *Held*, to provide, in perfectly clear language, for a forfeiture on breach of condition and for a re-entry; and if not clearly expressed, forfeiture is implied in the language used. Such condition does not come within the rule prohibiting restraints upon alienation.

8. ———: ———: **Restraint Upon Alienation.** It is within the right and power of a grantor to impose a condition or restraint upon the power of alienation in certain cases to certain persons, or for a certain time, or for certain purposes.

9. ———: ———: **Public Policy.** A condition in a deed that the property is not to be "sold, leased or rented to negroes for twenty-five years" is not void as against public policy. The purpose of the restriction being to preserve the property, together with other property in the neighborhood, as a district unoccupied by negroes, it comes within the rule that conditions in deeds which prohibit the use of property for certain purposes, in order that it may become more desirable as places of residences for families, are valid.

10. ———: ———: **Perpetuities.** A stipulation in a deed whereby the title is to revert to the grantor upon entry for breach of a condition subsequent, is not within the rule against perpetuities. The courts will not refuse to enforce a forfeiture for a breach of a condition in a deed that the property was not to be "sold, leased or rented to negroes for twenty-five years from date," on the ground that the condition violates the rule against perpetuities, although the event upon which forfeiture might be declared might occur after every one in interest was dead and more than twenty-one years and ten months thereafter had elapsed.

11. ———: ———: **Change in Conditions: Question of Fact.** If the purpose of a condition in a deed declaring that the property "shall not be sold, leased or rented to negroes" can no longer be accomplished, owing to changed circumstances, such as the growth of the city and the present use by negroes of the whole neighborhood, and it would be oppressive and inequitable to give effect to such condition, it will not be enforced; but where the evidence as to such changed circumstances is conflicting, the appellate court will accept the finding of the trial court that there had been no such change, as conclusive in a law case, and will not refuse to enforce the condition on such ground.

12. **QUIETING TITLE: Possession.** The amendment of 1909 to Section 2535 did not enlarge the scope of the statute so as to either repeal the statutes relating to ejectment or to provide for giving possession in an action brought under it; but plaintiff can add a count in ejectment to his petition to ascertain and determine the title, and if instead of adding such count he prays the court to adjudge him entitled to possession and to award a writ of pos-

session in his favor, and no objection is made to his pleading, by motion to elect or otherwise, the court can award him possession.

13. ————: ————: **Improvements: Compensation.** The amendment of 1909 to Section 2535 does not permit compensation to be allowed to defendant for improvements put upon the property unless compensation is "asked for in the pleadings." And under Section 2401 and other sections of the Ejectment Act compensation for improvements cannot be assessed in favor of an unsuccessful defendant "in the same case." Consequently the court, having found all the facts necessary to entitle plaintiff to possession and rendered judgment accordingly, cannot award a new trial on the ground that "defendants are entitled to compensation for improvements on the property."

Appeal from Jackson Circuit Court.—*Hon. Allen C. Southern,* Judge.

REVERSED AND REMANDED (*with directions*).

*Gage, Ladd & Small* for appellants.

(1)   There is ˎnothing against public policy in inserting a condition in a deed that the property shall not be sold or leased to colored people. Such restrictions, tend to promote peace and to prevent violence and bloodshed, and should be encouraged. The courts have sustained laws providing for separate schools for negroes and separate coaches on railroad trains, and even in street cars, and laws prohibiting negroes from attending theatres attended by white people and segregating negroes and whites in cities. The covenants contained in this deed are perfectly reasonable, lawful and binding. Plessy v. Ferguson, 163 U. S. 537; Buchanan v. Worley, 165 Ky. 559, 177 S. W. 472; State v. Gurry, 121 Md. 534; Keltner v. Harris, 196 S. W. 1. (2) That conditions in the neighborhood may have changed is wholly immaterial and in no way impairs the validity or force of the conditions or restrictions in a deed. Thompson v. Langan, 172 Mo. App. 83; Spahr v. Cape, 143 Mo. App. 114; Noel v. Hill, 158 Mo. App. 426. (3) The provisions in plaintiffs' deed to Waters, not only prohibited the use by or sale of the property to negroes, but expressly provided

that if such sale or use was made "the property should revert" to Mrs. Koehler, "without any process of law or equity." Upon violation of the conditions, which are conditions subsequent, the title therefore, vested *ipso facto* in Mrs. Koehler, and the house or improvements, being fixtures and a part of the land, reverted with the land to the plaintiffs. Ellis v. Kyger, 90 Mo. 600; O'Brien v. Wagner, 94 Mo. 93; Brooks v. Gaffin, 192 Mo. 253; St. Louis Ty. Co. v. Curtis, 167 S. W. 489, (expressly in point as to improvements). (4) If re-entry was necessary under the law in this State the bringing of an action in ejectment is equivalent to and obviates the necessity of re-entry for condition broken. Ellis v. Kyger, 90 Mo. 606; O'Brien v. Wagner, 94 Mo. 96; Brooks v. Gaffin, 192 Mo. 253. The statute relating to quieting title, Section 2535, R. S. 1909, expressly permits legal and equitable relief in the same proceeding, and in this case we have not only asked for a decree quieting title, but for possession; which makes the suit, in effect, the same as a suit in ejectment and does away with the necessity of re-entry for condition broken, the same as a suit in ejectment. (5) The rights of the plaintiffs being legal rights, and not equitable, this is a suit at law so far as the plaintiffs are concerned. Lee v. Conran, 213 Mo. 404; O'Brien v. Wagner, 94 Mo. 94; Ellis v. Kyger, 90 Mo. 600; Clarke v. Brookfield, 81 Mo. 503. This is not a suit to enforce a forfeiture. There is no affirmative action necessary on the part of the court to declare a forfeiture in order to establish plaintiffs' rights, because their deed expressly states that the title shall revert to them "without any process of law or equity." Authorities under point 4. No law prevents parties, competent to contract, from making such contract; nor does it contravene public policy. Brooks v. Gaffin, 192 Mo. 253; Brooks v. Gaffin, 196 Mo. 351; Smith v. Eagle Coal and Merchantile Co., 170 Mo. App. 27.

*Maurice H. Winger, S. J. McCulloch* and *New Mieler, Camack & Winger* for respondents.

(1) The evidence fails to show that the condition in the deed has been broken. 1 Jones on Real Property, sec. 679; Sheppard's Touchstone, p. 133; 2 Washb. on Real Property (5 Ed.), 7; 2 Dev. on Deeds (3 Ed.) sec. 970; 8 Ruling Case Law, p. 1110, sec. 171; Studdard v. Wells, 120 Mo. 25; Gratz v. Railroad Co., 165 Mo. 211; Catron v. Collegiate Institute, 264 Mo. 713; St. Peter's Church v. Bragaw, 144 N. C., 126; Moore v. Trust Co., 173 Mo. 218; 2 Underhill on Landlord & Tenant, sec. 789, p. 1343. (2) The condition in the deed executed by the plaintiffs, providing that, in the event of a sale, lease or rental to negroes within twenty-five years, the property should revert to the grantor, is void: (a) It is an unlawful restraint on the power of alienation incident to a fee-simple title. McDowell v. Brown, 21 Mo. 57; Kessner v Phillips, 189 Mo. 515; Weatherford v. King, 119 Mo. 57; Jones v. Port Huron Co., 171 Ill. 502; Bennett v. Chapin, 77 Mich. 526; Wood v. Kice, 103 Mo. 335. (b) The condition is void because it violates the rule against perpetuities. 30 Cyc. 1467; Lockridge v. Mace, 109 Mo. 162; Gray, Rule against Perpetuities, sec. 214, p. 151; 2 Sharswood & B. Leading Cases on Real Property, 487; Gates v. Seibert, 157 Mo. 254; Shepard v. Fisher, 206 Mo. 239. (c) The condition is void as against public policy. Kitchen v. Greenbaum, 61 Mo. 115; Montgomery v. Montgomery, 142 Mo. App. 486; United States v. Norris, 125 Fed. 322; Gandolfo v. Hartman, 49 Fed. 181. (3) Even if the court should rule that the condition in the deed is not void as being a restraint upon the power of alienation and as being in violation of the rule against perpetuities, or as against public policy, it is not within the province of a court of equity to enforce a forfeiture for condition broken, but it is within the power of a court of equity to relieve against such forfeitures where the forfeiture would be unjust and inequitable. (a) A court of equity has no jurisdiction to enforce a forfeiture.

Moberly v. Trenton, 181 Mo. 637; Spies v. Avondale Co., 60 W. Va. 389; John v. McNeal, 167 Mich. 148; Douglas v. Ins. Co., 121 Ill. 101. (b) A court of equity has power to relieve against a forfeiture. Moberly v. Trenton, 181 Mo. 646; Towne v. Bowers, 81 Mo. 491; Messersmith v. Messersmith, 22 Mo. 369; Abraham v. Stewart, 83 Mich. 10; Noyes v. Anderson, 124 N. Y. 175; Watson v. Grass, 112 Mo. App. 621. (4) In view of the changed conditions of the neighborhood in which the property in question is situated, the very purpose of the condition fails of accomplishment and to enforce such a condition would be most inequitable, unjust and oppressive; and in view of the facts and conditions in general it would be inequitable and oppressive to enforce a forfeiture. Abraham v. Stewart, 83 Mich. 7, 10; Messersmith v. Messersmith, 22 Mo. 372; Jackson v. Stevenson, 156 Mass. 496; Scharer v. Pantler, 127 Mo. App. 433; Evertsen v. Geitenberg, 186 Ill. 344; Jackson v. Stevenson, 156 Mass. 496, 28 L. R. A. (N. S.) 715; Trustees v. Thatcher, 87 N. Y. 311. (5) The court erred in any event in failing to allow any compensation for improvements made on the premises by the defendants, and it was proper to sustain the motion for new trial on that ground. Ritchie v. Railway Co., 55 Kan. 58; R. S. 1909, sec. 2401; Railroad Co. v. Shortridge, 86 Mo. 662; Huff v. Price, 50 Mo. 228; Shroyer v. Nickell, 55 Mo. 264.

WHITE, C.—The plaintiffs brought this suit under Section 2535, Revised Statutes 1909, to determine the title to Lot 15, Block 2, Wirtman Place, an addition to Kansas City. The plaintiff Elizabeth Koehler and her brother, George Wirtman, were at one time own-ers of all the property in blocks 1 and 2 in Wirtman Place. In conveying this property in 1905 to Henry Waters, plaintiffs inserted the following condition in their deed:

"This transfer is made subject to the following conditions, to-wit: It is agreed between the parties hereto, their assigns and executors, and is made a part

of this condition and consideration of this transfer, that above described property shall not be sold, leased or rented to any negro or negroes for twenty-five years from date hereof and in event of such transfer, lease or rental before expiration of said term of twenty-five years, said property shall revert to grantor or sellers without process of law or equity.''

The defendants Louis N. Rowland and William N. Rowland acquired the property through mesne conveyances from the plaintiffs' grantee, and their deed stipulates that it is made subject to conditions and restriction contained in the deed to Waters. Deeds were introduced showing plaintiffs and George Wirtman conveyed other property in the same block and in Block 1, with the same restrictions. John B. Groves, trustee for the Groves Brothers Real Estate & Mortgage Company, and the Mortgage Company filed a separate answer setting up a deed of trust which the said Real Estate & Mortgage Company held on the property executed by the defendants Rowland. The defendants Rowland filed a separate answer. The defendants Fisher and Thompson were negroes—tenants of the defendants Rowland—and occupied a part of the property in dispute; they filed no answer in the case.

The circuit court rendered a judgment for the plaintiff in which it found that the defendants Louis N. Rowland and William H. Rowland had acquired the property subject to the conditions mentioned, that the said deed of trust was subject to the same conditions, that the conditions had been breached, that the defendants Rowland had been duly notified of the conditions of the said deed and requested to remove their negro tenants from the premises and failed to do so. The court then adjudged that the plaintiffs were the owners in fee simple, clear of all claims, that the defendants had no right, interest, lien or claim in said property, and that the plaintiffs were entitled to possession, and ordered a writ of ouster directing the sheriff to deliver possession to the plaintiffs. Separate motions for new trial were filed by the several answering defendants.

The court sustained these motions, giving this reason in the order sustaining each motion:

"The facts found in the court's decree being true, nevertheless the court erred in its conclusion of the law; defendants are entitled to compensation for improvements on the property."

The plaintiffs thereupon appealed from the order granting a new trial. Other facts will be noticed in considering the points involved.

I.   At the outset it is important to settle the character of this action.  Respondents assuming that it is an equitable proceeding, very correctly argue that a court of equity will not enforce a forfeiture while it may relieve against one. It has been settled by this court that the character of an action brought under Section 2535 is determined by the issues which the pleadings raise.  [Lee v. Conran, 213 Mo. 404; Hauser v. Murray, 256 Mo. 58, 1. c. 84-5; Minor v. Burton, 228 Mo. 558.]  If the pleadings present issues of equitable cognizance, then it becomes a proceeding in equity.  But a straight action under this statute, in the terms of the statute, is a suit at law.  The petition in this case follows the statute substantially in the allegations of the plaintiffs' rights and the defendants' claim, prays the court to hear and determine all the rights, claims and interests whatsoever of the parties to the proceeding, to adjudge and decree that the plaintiffs are the owners and award plaintiffs the right of possession. The petition thus states purely an action at law.

Where the petition states an action at law, if the answer sets up an equitable defense and asks affirmative relief, it converts the suit at once into a suit in equity, so that the rules of equity apply. But the setting up of an equitable defense does not convert the case into a proceeding in equity unless affirmative equitable relief is prayed. [Kerstner v. Vorweg, 130 Mo. 196, 1. c. 199; Carter v. Prior, 78 Mo. 222, 1. c. 224; Brooks v. Gaffin, 192 Mo. 228, 1. c. 253; Kansas City v. Smith, 238 Mo. 323, 1. c. 334; Withers v. Railroad, 226 Mo. 373, 1. c. 396.]

Koehler v. Rowland.

The answer of defendants Rowland set up the condition in the deed above mentioned and alleged facts which they claimed would prevent the occurrence of the forfeiture. They alleged that since the deed was made the conditions surrounding the neighborhood had so changed that the reasons for inserting that clause in the deed had ceased to exist, and therefore the consideration for such stipulation had wholly failed, and the plaintiffs were not damaged by the breach of the condition. The answer did not then ask affirmative equitable relief, but followed the language of the statute substantially and prayed the court to adjudge that the plaintiffs "have no right, title or interest in or to said property, and that the title to said property be quieted and confirmed in these defendants free from any claim of the plaintiffs, and for such other and further relief as to the court in equity and good conscience may seem meet and proper."

The effect of this pleading was to pray the court to ascertain the title and enter a decree adjudging it as ascertained; that is, to find out who had the title and enter such judgment as that finding warranted. If the condition in the deed was broken plaintiffs had title; otherwise, the title remained in defendant. The title would be affected by the facts and not by any decree of the court.

The case being purely an action at law, the findings of the trial court, if supported by substantial evidence, are binding upon this court.

II. The respondents assert that the evidence failed to show that the conditions of the deed were broken. The argument runs in this way: The condition provides "that the above described property [Lot 15, Block 2] shall not be sold, leased or rented to negroes;" whereas the proof shows that negroes occupied only an apartment in a flat building on the site, therefore, it could not be said that, "the above described property," Lot 15, Block 2, was leased to negroes, because at most they leased only a part of it. Much evidence was introduced showing there were negro

*Partial Occupation.*

tenants in the premises, without any definite showing as to how far their occupancy of the premises was restricted, or to what extent the tenants may have controlled the entire lot. Doubtless the intention in inserting the restriction in plaintiffs' deed was to prevent negroes from coming on the premises as tenants. It must be considered with that in view. The narrow and technical construction suggested by respondents, as against such manifest intention, would not accord with the decisions of this court in considering and passing upon the spirit . and purpose of instruments of this character. [Sims v. Brown, 252 Mo. 58; Garrett v. Wiltsee, 252 Mo. 699, l. c. 707; Mott v. Morris, 249 Mo. 137.] If the grantors fail to express their contract with completeness and precision, but the intention, nevertheless, clearly appears from the instrument; if its spirit and purpose are manifest from a consideration of the instrument as a whole, it will be given an interpretation in accordance with such intention. The answer of defendants alleges "that the original intent, purpose and object of inserting said provision was to preserve the property described therein, together with other property in the neighborhood . . . as a district unoccupied by negroes." The answer then asserts that the conditions have so changed that there ceased to be any consideration for the condition, so that the grantor, plaintiff, was not damaged by the breach. This is a clear admission in the answer that the intention as expressed by its terms was to prevent any occupancy by negroes of the property described. The insertion of the words "or any part thereof" in the instrument would not have made that intention clearer. The trial court found that the premises were occupied by the tenants of the defendants Rowland in violation of the condition in the deed, and the evidence is entirely sufficient to support that finding. Hence we conclude that there was a breach of the condition which would work a forfeiture of the defendants' title if the condition is a valid and enforcible one.

III. We come now to consider the character and effect of the condition in the deed. The plaintiffs, be-

Forfeiture. fore filing their suit, notified the defendants in writing to comply with the condition and remove the negroes, but the notice was not heeded.

Forfeiture is a harsh remedy and where a stipulation can be construed as a mere restrictive covenant and not a condition, so as to avoid a forfeiture, it will be so construed. The question is determined from the language used, the situation of the parties, their relation to the subject of the transaction, and the object in view. [Union Stock Yards Co. v. Nashville Packing Co., 140 Fed. 701.] But where the language is unmistakable, particularly where there is a provision for re-entry on breach of the condition, or where the right to re-enter is plainly implied, it is a forfeiture. Where the forfeiture is expressly reserved and the right of re-entry is not explicitly stated but is a necessary incident to the forfeiture, it will be implied; and in all such cases the stipulation is construed to be a forfeiture. [Berry on Restrictions on the Use of Real Property, pp. 77-8; Ruddick v. St. Louis, Keokuk & N. W. Ry. Co., 116 Mo. l. c. 31; Brooks v. Gaffin, 196 Mo. l. c. 357, 192, Mo. l. c. 228; Smith v. Mercantile Co., 170 Mo. App. l. c. 34.] The language in this case is perfectly clear in providing for a forfeiture on breach of the conditions, and the re-entry for condition broken; if not clearly expressed, is implied in the language used. It is apparent that in case of sale and conveyance to objectionable parties covered by the restriction, there would be hardly an adequate remedy except by forfeiture.

Respondent asserts that it is an unlawful restraint upon the power of alienation incident to a fee simple title. All the cases cited by respondent in support of

Restraint upon Alienation. the position, are where there is a stipulation directly prohibiting alienation. It is the rule that an absolute restriction in the power of alienation in the conveyance of a fee simple title is void, but it is entirely within the right and power of the grantor to impose a condition or restraint upon

the power of alienation in certain cases to certain persons, or for a certain time, or for certain purposes. [Cowell v. Springs Co., 100 U. S. 55; Devlin on Real Estate, sec. 965.]

The condition in the deed under consideration does not come within the rule prohibiting restraints upon alienation.

IV. It is further claimed that the condition is void as against public policy. The courts usually have upheld conditions and restrictions in deeds of property which prohibit the use of the property for certain purposes. The Supreme Court of the United States in the case of Cowell v. Springs Co., supra, uses this language (page 57):

*Public Policy.*

"The reports are full of cases where conditions imposing restrictions upon the uses to which property conveyed in fee may be subjected have been upheld. In this way slaughter-houses, soap factories, distilleries, livery-stables, tanneries and machine shops have, in a multitude of instances, been excluded from particular localities, which, thus freed from unpleasant sights, noxious vapors or disturbing noises, have become desirable as places for residences of families."

The purpose of the restriction here, as admitted in the defendants' answer, was to preserve the property, together with other property in the neighborhood, as a district unoccupied by negroes; it comes equally within the rule.

The discrimination against negroes has been recognized by the courts in other matters where their presence has been objected to for reasons similar to the reasons advanced here. For instance, the law providing for a segregation of negroes in separate passenger coaches from those occupied by whites, has been held lawful and reasonable. [Plessy v. Ferguson, 163 U. S. 537.] In the recent case of Keltner v. Harris, 196 S. W. 1, where an owner of real estate made a contract for the sale of the same to a white man, and after making his deed discovered that the deed was

made to a colored man for whom the white man was merely an agent, although he had told the agent that he would not sell the property to a negro because he didn't want a negro in that locality, this court held that the conveyance was properly avoided by the judgment of the circuit court on the ground of fraud. By a necessary inference the contract of sale could not have been transferred by the purchaser to a negro without the consent of the seller. The court said: ''If it was distasteful to plaintiff to have the negro as his adjoining neighbor, he had the legal right to refuse to sell him or his agents the property in controversy,'' which is equivalent to saying that the contract could not be enforced in favor of the negro if made in ignorance of his interest in it. From these authorities it is apparent that the restriction was one which the vendor had a right to make and was not void on the ground that it was contrary to public policy.

V. It is further urged that it is void because it violates the rule against perpetuities. That rule is that an estate which is granted must necessarily vest within a time limited by the lives of persons then in being, and twenty-one years and ten months thereafter, and if it does not *necessarily* vest within that time it is void for remoteness. [Shepperd v. Fisher, 206 Mo. 208.] In this case the stipulation runs for twenty-five years, within which time the estate might revert by forfeiture to the grantor. That event might occur after everyone in interest then living was dead and more than twenty-one years and ten months thereafter had elapsed.

Perpetuities.

The rule applies in all cases where there is a limitation over by which an estate would vest contingently and might vest after the prohibited time. But there is a distinction between a conditional estate and a conditional limitation whereby the estate is determined upon the happening of some event. In the latter case the estate passes to the person to whom the limitation over is granted upon the happening of the event, without

entry or other act. To such limitation over the rule against remoteness applies. But in this country it is generally held that a stipulation whereby the title is to revert to the grantor upon entry for breach of a condition subsequent, is not within the rule against perpetuities. [First Universalist Society v. Boland, 155 Mass. 171, l. c. 175; Hopkins v. Grimshaw, 165 U. S. 342, l. c. 356; Wakefield v. Van Tassell, 202 Ill. 41, l. c. 49; Gray on Rule Against Perpetuities, secs. 304-310.] In fact, there are many cases in the books, noted expressly in the sections from Gray just cited, where the courts have enforced forfeitures for breach of condition subsequent in which there was no time limit wherein the forfeiture might occur. In those cases the question as to whether it was contrary to the rule against perpetuities was not considered or discussed.

VI. It is true that where circumstances are changed, owing to the natural growth of a city or of the present use of a whole neighborhood, so that the purpose of a restriction in a conveyance no longer can be accomplished, and it would be oppressive and inequitable to give effect to such restriction, the courts will not enforce it, whether it be a restrictive covenant to restrain the violation of which injunction is sought, or whether it is a condition providing for a re-entry in case of breach. [Moore v. Curry, 176 Mich. 456; Kneip v. Schroeder, 255 Ill. 621; Devlin on Real Estate, sec. 991c; Thompson v. Langan, 172 Mo. App. l. c. 83.]

**Change in Conditions.**

If the court upon sufficient inquiry had found, as claimed by defendants in this case, that the conditions had so changed since the conveyance was made, by negroes occupying the surrounding lots, that an enforcement of the restriction no longer could serve the original purpose, then it would have been improper to allow the forfeiture. However, the evidence was conflicting on that point. In fact, there was some evidence to the effect that the defendants themselves were the first ones to introduce colored residents into the block

where the lot was situated. The facts were found against the defendants upon that proposition upon sufficient evidence and that finding is conclusive upon this court.

VII. From what has been said it will be seen that the circuit court correctly determined plaintiffs' rights under the facts. Was it right in awarding possession to plaintiff?

It has been decided that Section 2535 did not repeal the ejectment statute and did not authorize a recovery of possession in an action brought under it. [Bedford v.

**Possession.** Sykes, 168 Mo. 8; Randolph v. Ellis, 240 Mo. 216, l. c. 220.] Those cases, however, arose before the amendment of 1909, whereby the Legislature added the last half of that section. We do not find that this amendment has enlarged the scope of the statute so as either to repeal the statutes relating to ejectment or to provide for giving possession in an action brought under it. The entire article relating to ejectment remains still in force and can be resorted to for the recovery of possession and for the recovery of the value of improvements by an unsuccessful defendant.

Usually a plaintiff in a case under Section 2535 if out of possession, adds a count in ejectment. That was not done in this case, but the petition, in addition to stating a complete cause of action showing plaintiff's right to recover under Section 2535, alleges that the plaintiffs are the owners in fee simple of the property described and are entitled to possession of the same; that the defendants are in possession, and prays the court to adjudge the plaintiffs entitled to possession and to award a writ of possession in favor of the plaintiffs— a declaration in ejectment. Thus the petition states two causes of action in one count. No objection was made to this pleading by the defendant, by a motion to elect, or in any other way. The circuit court properly gave effect to the cause of action in ejectment pleaded by awarding possession to the plaintiffs.

VIII. It remains to consider whether the lower court erred in sustaining the motion for a new trial on the grounds stated, to wit, that the court failed to allow defendants compensation for improvements on the property.

*Improvements.*

Both the plaintiffs and the defendants in discussing the matter of improvements assume that Section 2401, Revised Statutes 1909, applies, and that defendants' right to compensation for improvements upon the lot depends upon the application of that statute. Now that section, appearing in the article relating to ejectment, provides for compensation for improvements, put upon real estate by an unsuccessful defendant, after a judgment or decree of possession in any real action in favor of a person having a better title. Subsequent sections, immediately following, provide how recovery of such value may be had, and the party who would avail himself of it must bring his action and have the matter adjudicated before he is ousted from possession under the judgment against him. If he waits until afterwards he cannot recover. Section 2401 gives a right conditioned upon immediate action. It is not a recognition of a right which exists independent of the statute, but creates the right.

Manifestly, taking Section 2401 alone, compensation for improvements under it could not be assessed in favor of an unsuccessful defendant, *in the same case,* because by its very terms the right to meet compensation accrues only *after* judgment for possession, and can only be enforced in another action.

Respondents claim that the amendment of 1909 to Section 2535 permits recovery of such compensation in the same action. That amendment provides that, on a trial under that section, *"if the same be asked for in the pleadings of either party,* the court may hear and finally determine any and all rights," etc., and "may award full and complete relief," etc., "as the court might or could in any other or different action."

It is not necessary to determine whether the defendants would be entitled to compensation for their im-

provements under the circumstances. Nor is it necessary to determine whether the right created by Section 2401 would be available to a defendant by Section 2535, as amended, in the same case. It is clear that such compensation, under the latter section, cannot be allowed unless "asked for in the pleadings." That would be true, whether a defendant's right to such compensation arose by virtue of some equitable claim to the improvements, or by the operation of Section 2401. The answer here contains no mention of improvements and no averments beyond the claim of title and all matters affecting the title.

The judgment is reversed and the cause remanded with directions to set aside the order granting a new trial, reinstate the judgment originally rendered, and overrule the motion for a new trial. *Roy, C.,* concurs.

PER CURIAM—The foregoing opinion by White, C., is adopted as the opinion of the court. All of the judges concur.