JOSEPH WOYTUS and SOPHIA WOYTUS, His Wife, Appellants, v. LOUIS J. WINKLER and BERTHA WINKLER, His Wife, JESS ALLISON Also Known as J. ALLISON, JACOB CLARKE and ROSALIE CLARKE, His Wife.—No. 40211.—212 S. W. (2d) 411.

Division One, June 14, 1948.

*G. L. Seegers* for appellants.

*David M. Grant* and *Geo. L. Vaughn* for respondents.

[411] VAN OSDOL, C.—Action to divest title to real property and to enjoin the breach of an agreement between real-property owners, restricting the sale and occupancy of their property. The trial court found for defendants, and dismissed plaintiffs' petition. Plaintiffs have appealed.

April 24, 1939, plaintiffs, tenants by the entirety of a residence property in City Block No. 4446E of the City of St. Louis, entered into a written agreement with other owners of property in the Block whereby the subscribing parties created and attached to their parcels of land in the agreement described certain restrictions upon the use, occupancy, enjoyment, sale, alienation (voluntary or by operation of law), encumbrance and descent of the lands or any part thereof or any interest therein; it was agreed that none of them would at any time within a period of twenty years from the date of the agreement "sell, convey, lease or rent to a negro or negroes, or deliver possession to or permit to be occupied by a negro or negroes (no matter how the right to occupancy or title shall be attempted to be acquired)" any of the parcels of land belonging to the subscribing parties. It was stipulated that the restrictions should attach to and run with each of the parcels of land.

Defendants, Jacob and Rosalie Clarke, Negroes, have been granted and occupy a described parcel of land in the Block 4446E, having purchased the lot from their grantor who, through mesne conveyances, had acquired the property from the former owner who was a signatory to the restrictive agreement.

In the trial court defendants contended the restrictive agreement was in violation of Section One of the Fourteenth Amendment to the Constitution of the United States. And the defendants further contended they had not had notice, actual or constructive, of the agreement. The written instrument evidencing the agreement had not been recorded, and there was a conflict in the verbal evidence on the issue of actual notice. The trial court found neither of defendants, Jacob nor Rosalie Clarke, "had any personal knowledge of the existence of said written instrument, or of its provisions relating to said restrictions against the sale or leasing to or occupancy of said real property by members of the Negro race either at or before the time when they purchased the same, nor at the time when they took possession of and occupied said property as their place of residence."

Agreements or covenants restricting real property from sale to or occupancy by Negroes have been consistently held valid and enforced by the courts of this state if, in the circumstances, the general purpose of the agreements would be achieved. Such restrictive agreements have been considered in harmony with our State's public

policy. Kraemer v. Shelley, 355 Mo. 814, 198 S. W. 2d 679; Swain v. Maxwell, 355 Mo. 448, 196 S. W. 2d 780; Porter v. Pryor, [412] Mo. Sup., 164 S. W. 2d 353; Koehler v. Rowland, 275 Mo. 573, 205 S. W. 217; Thornhill v. Herdt, Mo. App., 130 S. W. 2d 175; Porter v. Johnson, 232 Mo. App. 1150, 115 S. W. 2d 529; 12 M. L. R., pp. 221-3, and p. 413. See also Pickel v. McCawley, 329 Mo. 166, 44 S. W. 2d 857; and Vol. IV, Restatement of the Law of Property, Comments l. and m., sec. 406, pp. 2411-2412.

However, the Supreme Court of the United States granted the writ of certiorari to this Court in the case of Kraemer v. Shelley, supra; and when the instant case was argued and submitted upon appeal to the Supreme Court of Missouri, it was announced by the Presiding Judge that our decision should await and abide the opinion of the Supreme Court of the United States in the Kraemer-Shelley case.

May 3, 1948, the Supreme Court of the United States delivered its opinion. Shelley v. Kraemer and McGhee v. Sipes, cases Nos. 72 and 87, — U. S. —, 68 S. Ct. 836. In the opinion the Supreme Court of the United States recognizes restrictive agreements or covenants (having the purpose of exclusion of persons of designated race or color from the ownership or occupancy of real property) standing alone cannot be regarded as violations of any rights guaranteed by the Fourteenth Amendment. So long as the purposes of these agreements are effectuated by voluntary adherence to their terms, it would appear clear that there has been no state action, and the provisions of the Fourteenth Amendment have not been violated. The judicial enforcement of such racial discriminatory restrictive agreements, however, is *state action* denying the equal protection of the laws guaranteed by the Fourteenth Amendment. Shelley v. Kraemer and McGhee v. Sipes, supra.

And judicial action "is not immunized from the operation of the Fourteenth Amendment simply because it is taken pursuant to the state's common-law policy. Nor is the Amendment ineffective simply because the particular pattern of discrimination, which the State has enforced, was defined initially by the terms of a private agreement." Shelley v. Kraemer and McGhee v. Sipes, supra, — U. S. at page —, 68 S. Ct. at page 845.

It is clear the issue whether defendants in the instant action had notice of the restrictive agreement, and other issues urged by the parties plaintiffs and defendants, could now be of no decisive moment.

The trial court's order and judgment of dismissal should be affirmed.

It is so ordered. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.